**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **VS.** | : | **3:CR-04-256** |
| | : | **(JUDGE VANASKIE)** |
| **THERESA THIEMANN** | : | |
| | : | |

### MEMORANDUM

Theresa Thiemann appeals her sentence on a conviction by guilty plea to bank larceny in violation of 18 U.S.C. § 2113(b). She contends that in imposing a prison term of six months the Magistrate Judge failed to give meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), and that a prison term of six months is unreasonable under the facts and circumstances presented at the time of sentencing. Having carefully reviewed the record in the context of the applicable law, I find that the Magistrate Judge articulated adequate reasons, logically related to the pertinent sentencing factors set forth in 18 U.S.C. § 3553(a), to support a determination that a sentence of six months imprisonment is reasonable. Accordingly, the sentence will be affirmed.

### I. FACTS AND PROCEDURAL HISTORY

As related in the Presentence Investigation Report ("PSI") prepared in this matter,[1] in

---

[1] At the time of sentencing, defense counsel acknowledged that there were no objections to the PSI. (See Sentencing Tr., Dkt. Entry 40, at 2-3.) Accordingly, the factual recitation of the offense conduct set forth in the PSI will be accepted as true.

the fall of 2003 Ms. Thiemann procured a secured credit card from First Premiere Bank, Sioux Falls, South Dakota, in her mother's name by using the bank routing number and checking account number for the Housing Authority of Luzerne County maintained at the Luzerne National Bank to serve as the security for the credit card. (PSI, ¶¶ 5-6.) First Premiere Bank sustained a loss of $725.49. (Id. at ¶ 9.) Thiemann also fraudulently procured withdrawals from the Housing Authority's account at Luzerne National Bank, but losses were averted by discovery of the scheme. (Id. at ¶ 5.) On December 11, 2003, Ms. Thiemann admitted her involvement in the fraudulent scheme to federal law enforcement officers. (Id. at ¶ 7.)

On August 9, 2004, a one-count Information was filed against Ms. Thiemann in this Court. The Information charged her with intent to steal less than $1,000 in currency from the Luzerne National Bank in violation of 18 U.S.C. § 2113(b). This crime has a maximum term of imprisonment of one year, and is thus classified as a misdemeanor.

On May 9, 2006, Ms. Thiemann plead guilty to the Information. A presentence investigation was ordered by the Magistrate Judge to whom this matter had been assigned.

The PSI, completed on August 22, 2006, detailed a host of prior convictions of Ms. Thiemann for having issued checks with insufficient funds in her account. (PSI at ¶¶ 26-45.) In total, 20 instances of issuing bad checks covering the period March 10, 1998 through October 13, 2002 were related in the PSI. Ten of the instances had been

consolidated into a single disposition. The report further indicated that Ms. Thiemann had not satisfied her restitution obligation for a number of the bad checks. (PSI at ¶¶ 33-42.)

Under U.S.S.G. § 4A1.2 (2004), Ms. Thiemann received only one point on her criminal history computation for the twenty separate instances of writing bad checks because she was placed on probation for each conviction. Based upon an undisputed total offense level of 4 and a Level I criminal history category, Ms. Thiemann's guideline range was zero to six months, placing her in Zone "A" of the United States Sentencing Commission Sentencing Table. A sentence of imprisonment is not required where the applicable guideline range falls within Zone A. U.S.S.G. § 5C1.1(b).

On September 8, 2006, Ms. Thiemann appeared before the Magistrate Judge for sentencing. She was represented by an Assistant Federal Public Defender, who acknowledged that the advisory guideline range had been correctly determined to be 0 to 6 months. Counsel requested that Ms. Thiemann be placed on probation. (Sentencing Tr. at 3.)

The Magistrate Judge, observing that "we normally want to put somebody on probation because what we want them to do is have some guidance and help and to tow the line," (id. at 6), expressed concern that Ms. Thiemann had not been reformed by the numerous prior instances of probation for her proclivity to write bad checks. (Id. at 7.) The Magistrate Judge also expressed concern that Ms. Thiemann had failed to satisfy her

financial obligations arising from the prior convictions for writing bad checks. (Id. at 9-10.) Another factor mentioned by the Magistrate Judge was that Ms. Thiemann had informed a Probation Officer that she did not know the whereabouts of her four children at the time of the presentence report interview. (Id. at 8-9.)[2] The Magistrate Judge further indicated concern that, as of the date of the revised PSI (August 22, 2006), Ms. Thiemann was unemployed. (Id. at 10.)[3] While concluding that the severity of her past criminal history was under-represented by the guideline calculation, the Magistrate Judge determined not to adjust her criminal history category, but did impose a prison term of six months along with a one-year term of supervised release. (Id. at 17-20.)  No fine was imposed due to Ms. Thiemann's financial circumstances, but she was directed to make restitution to First Premiere Bank in the amount of $725.59. (Id. at 19-20.) The conditions of supervised release included payment of the restitution in monthly installments of not less than $50 and participation in a mental health counseling program approved by the United States Probation Office for this District. (Id. at 20.)

      On September 13, 2006, Ms. Thiemann filed a Notice of Appeal pursuant to Rule

---

[2] According to the PSI, Ms. Thiemann had violated a court order by allowing the children's biological father to have unsupervised access to them, which resulted in placement of the children in the custody of the Luzerne Count Children and Youth Services. (PSI at ¶ 51.) As indicated above, Ms. Thiemann did not object to the factual accuracy of any of the averments of the PSI.

[3] Ms. Thiemann indicated that she had secured employment as of the date of the sentencing. (Sentencing Tr. at 13.)

4

58(g)(2)(B) of the Federal Rules of Criminal Procedure.  (Dkt. Entry 37.)  The Magistrate Judge had jurisdiction over this matter pursuant to 18 U.S.C. § 3401(a), and this Court has jurisdiction over Ms. Thiemann's appeal pursuant to 18 U.S.C. § 3402.  The appeal has been fully briefed, and oral argument was conducted on November 3, 2006.  The matter is ripe for disposition.

**II.  DISCUSSION**

Ms. Thiemann argues that the sentence imposed by the Magistrate Judge is unreasonable because he "failed to articulate a meaningful consideration of the sentencing factors in 18 U.S.C. § 3553(a)," (Mem. of Law in Supp. of Appeal, Dkt. Entry 44, at 3), and that, in any event, a prison term of six months is unreasonable in light of the facts and circumstances presented in this case.

Defendant's arguments spring from United States v. Booker, 543 U.S. 220 (2005), and Third Circuit precedents that interpret this seminal case.  In particular, Defendant relies upon the directive in United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006), that the sentencing judge give meaningful consideration to the relevant factors set out in 18 U.S.C. § 3553(a).

This case, however, does not present the typical factual scenario confronting an appellate court in the post-Booker era: a prison term imposed within an advisory guidelines range that does not allow for a sentence of probation.  In this case, the applicable guidelines

5

range specifically authorized a sentence of no prison time.  In other words, the Magistrate Judge had available to him the full panoply of sentencing sanctions, from probation to imprisonment.  The Magistrate Judge acknowledged his authority to impose only probation, indicating that probation is ordinarily the sanction of preference in a case of this nature.  (Sentencing Tr. at 6.)  Thus, this case does not present a scenario where the sentencing judge failed to acknowledge the full range of available sentencing options.

In imposing the sentence in this matter, the Magistrate Judge did not explicitly mention the § 3553(a) factors.  His failure to do so, however, does not preclude a determination that he gave meaningful consideration to those factors.

Our Court of Appeals has eschewed a mechanical approach to sentencing after Booker.  Courts are not required to make findings as to each of the § 3553(a) factors, nor are they required to "state by rote that they have read the Booker decision or that they know the sentencing guidelines are now advisory."  Cooper, 437 F.3d at 329.  The Third Circuit approach is consistent with that taken by other Courts of Appeals, which have held that "no 'robotic incantations' are required to prove the fact of consideration [of the § 3553(a) factors]."  United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006).

In Fernandez, the Second Circuit ruled that a district court's failure to mention that it had considered the § 3553(a) factors did not preclude appellate court review of the reasonableness of the sentence.  Observing that appropriate appellate court practice is to

exercise "'restraint, not micromanagement'", id. at 31 (quoting United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005)), the court held that "'[a]s long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred.'" Id. at 29-30 (quoting Fleming, 397 F.3d at 100).

Fernandez was cited approvingly by the Eleventh Circuit in United States v. Gonzalez, 188 Fed. Appx. 843 (11th Cir. 2006), in which the court stated:

> We agree with the reasoning of our sister circuits and hold that district courts do not automatically err by explicitly failing to state that they have considered the § 3553(a) factors at some point during sentencing proceedings. In many cases, such as this one, . . . the district court's reasons for imposing a sentence are clear from the record and in compliance with the statutory requirements of § 3553(a). Absent an affirmative indication that the factors were not considered, we may presume that [sentencing] courts are following the law.

Id. at 847.

In this case, the record demonstrates that the Magistrate Judge carefully considered the information in the PSI, as well as the arguments made by defense counsel. The Magistrate Judge's questions and observations show that, "explicitly or not, the § 3553(a) factors were applied." Id. at 848. In particular, the sentencing transcript reflects careful consideration of Defendant's history and characteristics. The Magistrate Judge referred to an established pattern of fraudulent conduct of Ms. Thiemann in issuing bad checks. He

7

also pointed to the lack of employment or meaningful efforts to secure employment. Furthermore, he properly took into account the fact that custody of Ms. Thiemann's four children had been transferred to the Children and Youth Services agency. These factors rationally support an inference that Ms. Thiemann had a history of not acting responsibly despite having been accorded a number of probationary sentences for the fraudulent conduct of issuing bad checks. The Magistrate Judge's statements also showed his concern for affording adequate deterrence to criminal conduct and protecting the public from further crimes of Ms. Thiemann by imposing a prison term to let her know of the consequences of her continuing pattern of criminal conduct. Moreover, as noted above, the transcript reflects the Magistrate Judge's recognition of the kinds of sentences available. In this regard, he acknowledged that probation was an option, but one that was not satisfactory given Ms. Thiemann's recidivism. He also acknowledged that home confinement was an option, but was not appropriate given all the facts and circumstances of this particular matter. (Sentencing Tr. at 21.) With respect to defense counsel's suggestion that mental health issues were presented in the PSI, the Magistrate Judge addressed the matter by requiring mental health treatment as a condition of supervised release. (Id. at 20.)

In the post-Booker era, "the record must show a true, considered exercise of discretion on the part of a [sentencing] court, including a recognition of, and response to,

the parties' non-frivolous arguments." United States v. Jackson, 467 F.3d 834, 841 (3d Cir. 2006). The record reflects such a considered exercise of discretion in this matter. Although some of the Magistrate Judge's reasoning was brief, "brevity is not error *per se.*" Id. at 842. Instead, "[w]hat matters is that the Court specifically addressed [Thiemann's] non-frivolous arguments and that it did so in a way that allows us to review the sentence for reasonableness." Id. The Magistrate Judge discharged his obligation in this respect. His failure to mention § 3553 does not mandate reversal of the sentence.

Decisions of sentencing judges that reflect consideration of the § 3553(a) factors are accorded a "high level of deference." United States v. Charles, 467 F.3d 828, 833 (3d Cir. 2006). As our Court of Appeals observed in Cooper, 437 F.3d at 330:

> '[t]he question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a) . . . nor what sentence we ourselves ultimately might have decided to impose on the defendant. . . . Rather, what we must decide is whether the [sentencing] judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a).' (Quoting United States v. Williams, 425 F.3d 478, 481 (7th Cir. 2005).

Defendant carries the burden of demonstrating that the sentence in this matter is unreasonable. Id. at 332. Considered in its entirety, the record shows that the Magistrate Judge adequately considered factors that are set forth in § 3553(a), including the history and characteristics of the defendant, as well as the need for a sentence to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from

further crimes of this particular defendant. I thus find that the sentence imposed in this case was reasonable under Booker.

### III.  CONCLUSION

Because the record demonstrates that the Magistrate Judge understood the range of sentencing options available to him, considered factors relevant to sentencing under § 3553(a), exercised discretion, and articulated reasons for the sentence imposed that are logical and rationally consistent with § 3553(a), I will affirm the Judgment entered in this matter. An appropriate Order follows.

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie
                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **3:CR-04-256** |
| | : | **(JUDGE VANASKIE)** |
| **THERESA THIEMANN** | : | |
| | : | |

## ORDER

**NOW, THIS 30th DAY OF NOVEMBER, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Judgment entered in this matter on September 11, 2006 (Dkt. Entry 36) is **AFFIRMED.**

2. The Clerk of Court is directed to mark this matter **CLOSED.**

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie
                                        United States District Judge